IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TODD SPECIAN,

    Plaintiff,

v.                                              Civil No. 04-0069 WJ/WDS

HOME DEPOT U.S.A., INC.,
and JOHN DOE and JANE DOE,
jointly and severally,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING
## PLAINTIFF'S MOTION TO REMAND

THIS MATTER comes before the Court pursuant to Plaintiff's Motion to Remand Case Back to New Mexico State District Court [Docket No. 4]. Having reviewed the submissions of the parties and being fully advised on the relevant law, I find the motion is not well taken and will be denied.

**BACKGROUND**

Plaintiff filed a complaint in the State of New Mexico, County of Sandoval, Thirteenth Judicial District naming as defendants Home Depot U.S.A., Inc. (Home Depot) and two J. Does. Plaintiff's complaint alleged that Defendant Home Depot was negligent, that the negligence resulted in injury to the Plaintiff, and that Plaintiff suffered damages in an amount to be determined. The state court complaint does not allege an amount in controversy.

Defendant Home Depot removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 on January 26, 2004. Home Depot alleged the subject matter jurisdiction of this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. The Notice of Removal

specifically alleged that the amount in controversy exceeds $75,000 and, as a factual basis, pointed out that Plaintiff's Complaint alleges damages for severe physical injury, loss of wages, loss of enjoyment of life, mental, emotional and physical pain, future mental emotional and physical pain and punitive damages.

Plaintiff filed the instant motion to remand challenging the subject matter jurisdiction of this Court. Plaintiff does not dispute that the parties are diverse. Plaintiff only disputes that the amount in controversy exceeds the jurisdictional minimum. Home Depot's Response to the Motion to Remand included as an exhibit a copy of a settlement demand letter prepared by Plaintiff's counsel and sent to Home Depot. The letter is dated August 12, 2003 and includes a demand for $350,000.

**DISCUSSION**

An action is removable if the district court of the United States would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). It is the burden of the removing party to establish the subject matter jurisdiction of this Court. Huffman v Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1079 (10th Cir. 1999). There is a presumption against removal jurisdiction. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). Both the requisite amount in controversy and the existence of diversity must be affirmatively established by a preponderance of the evidence on the face of either the complaint or the removal notice for purposes of diversity jurisdiction. Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001); Laughlin, 50 F.3d at 873. This is because the removing party must establish that the amount in controversy requirement was met at the time of removal. Laughlin, 50 F.3d at 873. Thus, an economic analysis of a plaintiff's claims prepared after the notice of removal is insufficient to establish

jurisdiction because it does not show that the requirement was met at the time of removal. Id.; see also Martin, 251 F.3d at 1291 n.4.

Plaintiff urges that the Court cannot consider the demand letter attached to Defendant's Response because it was not contained in the notice of removal. Laughlin suggests a hard line rule that the jurisdictional requirement must be shown on the face of the complaint or the notice of removal, and any evidence regarding the amount in controversy submitted subsequent to the notice of removal cannot be considered by a court. 50 F.3d at 873. However, in a subsequent case, the Tenth Circuit declined to decide that this rule applies regardless of the nature of the supporting evidence provided by the removing party at some date later than the filing of the notice of removal. See Martin, 251 F.3d at 1291 n.4. (declining to decide that the district court should not have considered evidence in a removing party's brief opposing remand). In Hanna v. Miller, 163 F.Supp.2d 1302, 1305 (D.N.M. 2001), United States Circuit Judge Paul J. Kelly, sitting by designation, addressed whether material in the record other than the complaint and notice of removal could be considered on the issue of the jurisdictional amount in controversy requirement. Judge Kelly stated that it would be an overreading of Laughlin to ignore other relevant material in existence at the time of removal.

In this case, the evidence offered by Defendant in support of jurisdiction is a demand letter from Plaintiff that existed prior to the filing of the notice of removal. Thus this case is distinguishable from Laughlin in which the defendant attempted to support jurisdiction with economic analysis conducted after the filing of the notice of removal. Defendant's evidence in this case, if considered by the Court, would tend to show that the amount in controversy **at the time of removal** exceeded the jurisdictional minimum.

A conclusion that a court may consider evidence relevant to the issue of subject matter jurisdiction in spite of a removing party's failure to provide the evidence in its notice of removal is supported by a Supreme Court decision as well as decisions from other circuits. In <u>Willingham v. Morgan</u>, 395 U.S. 402, 406-8 (1969), the Supreme Court noted that the defendants' notice of removal was not sufficient to show subject matter jurisdiction. However, later-filed affidavits supported a finding of subject matter jurisdiction. The Court noted that the affidavits should have been included with the notice of removal. <u>Id.</u> at 408 n. 3. However, the Court treated the removal petition as if it had been amended to include the later-filed affidavits. <u>Id.</u> In treating the later-filed affidavits as an amendment to defendants' notice of removal, the Court in <u>Willingham</u> relied on 28 U.S.C. § 1653 which states that "defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

In <u>Cohn v. Petsmart, Inc.</u>, 281 F.3d 837, 840 n. 1 (9th Cir. 2002), a case with facts nearly identical to the those in the case at bar, the Ninth Circuit noted that a defendant's notice of removal alleging diversity jurisdiction only summarily alleged that the amount in controversy exceeded $75,000 and failed to provide any underlying facts to support the jurisdictional assertion. The Ninth Circuit, following the Supreme Court precedent in <u>Willingham</u>, relied on Section 1653 to find that the district court had not erred in treating a defendant's notice of removal as having been amended by the later-filed copy of Plaintiff's settlement demand. <u>Id.</u>

The Tenth Circuit has noted that Section 1653 was passed by Congress in order to broadly permit amendment to avoid dismissal on technical grounds. <u>See</u> <u>Brennan v. Univ. of Kan.</u>, 451 F.2d 1287 (10th Cir. 1971). For this Court to remand this case to state court because Defendant failed to attach Plaintiff's demand letter to the notice of removal would be to elevate

4

form over substance.  This Court agrees with Judge Kelly's analysis in <u>Hanna</u> and does not read <u>Laughlin</u> as requiring such a result.  I conclude that I may consider Plaintiff's demand letter in determining whether the amount in controversy requirement was met at the time of removal in spite of Defendant's failure to attach the letter as an exhibit to the notice of removal.

Plaintiff argues that Fed. R. Evid. 408 prohibits the Court from considering Plaintiff's demand letter in making a determination with regard to the amount in controversy.  Rule 408 provides that evidence of offers to compromise is not admissible to prove liability for or invalidity of the claim or its amount.  Fed. R. Evid. 408.  Rule 408 also states that evidence of offer to compromise need not be excluded if offered for purposes other than to prove liability for or invalidity of a claim or its amount.

The Ninth Circuit addressed this precise issue in <u>Cohn</u> and agreed with the district court that Rule 408 was inapplicable because the letter was merely offered to show the plaintiff's assessment of the value of his claim and was not offered to show the amount of the defendant's liability.  281 F.3d at 840 n. 3.  United States District Judge Eagan reached this same result in <u>Archer v. Kelly</u>, 271 F.Supp.2d 1320 (N.D. Okla. 2003).  Judge Eagan found that a demand letter offered to show that the amount in controversy requirement of diversity jurisdiction was met was not offered as an admission of liability or the amount of liability and thus did not implicate Rule 408.  <u>Id.</u> at 1323.  Moreover, Judge Eagan found that the purpose of Rule 408, to encourage settlements, is not undermined by the use of a demand letter to support subject matter jurisdiction.  <u>Id.</u>

I agree with the reasoning in <u>Cohn</u> and <u>Archer</u> and find that Rule 408 does not preclude my consideration of Plaintiff's demand letter in determining whether the amount in controversy

requirement for diversity jurisdiction was met at the time of removal. Based on the demand letter, I find that Defendant has shown by a preponderance of the evidence that the amount in controversy requirement is met.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand Case Back to New Mexico District Court [Docket No. 4] is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE